IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **ROTHSCHILD CONNECTED DEVICES INNOVATIONS, LLC,**<br><br>     Plaintiff,<br><br>v.<br><br>**CARRIER CORPORATION**<br><br>     Defendant. | Case No. 2:15-cv-01674<br><br>JURY TRIAL DEMANDED<br><br>PATENT CASE |

**DEFENDANT CARRIER CORPORATION'S ANSWER AND COUNTERCLAIMS TO PLAINTIFF'S COMPLAINT**

Defendant Carrier Corporation ("Carrier") files this Answer and Counterclaims to Plaintiff Rothschild Connected Devices Innovations, LLC's ("Plaintiff" or "Rothschild") Complaint ("Complaint"). Carrier denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.

**PARTIES AND JURISDICTION**

1.  Carrier admits this is an action for patent infringement under Title 35 of the U.S. Code and that Plaintiff is seeking injunctive relief as well as damages. Carrier denies infringement of any valid claim of the asserted patent and denies that Plaintiff is entitled to any relief.

2.  Carrier admits that jurisdiction is proper in this Court but denies that it has infringed any valid claim of the asserted patent and denies that this jurisdiction is convenient.

3.	Carrier is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint and, on that basis, denies all such allegations.

4.	Carrier admits it is a Delaware corporation with an address at One Carrier Place, Farmington, CT 06034-4015.

5.	Carrier admits that this Court has personal jurisdiction over it and that it has conducted business in the state of Texas, but denies that it has infringed any valid claim of the asserted patent. Carrier otherwise denies the remaining allegations in paragraph 5 of the Complaint.

6.	Carrier admits that it is currently and/or has offered for sale and/or sold various products in the Eastern District of Texas, including at least one of the CôR™ Thermostat, the Infinity® Remote Access Touch Control Systems, and the Carrier Comfort™ Series Wi-Fi® thermostat. Carrier denies that any of its products infringe any valid claim of the asserted patent, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 6 of the Complaint and, on that basis, denies all such remaining allegations.

## VENUE

7.	For purposes of this Complaint, Carrier admits that venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b), but denies that venue is convenient. Carrier otherwise denies the remaining allegations of paragraph 7 of the Complaint.

## COUNT I
## [ALLEGED] INFRINGEMENT OF UNITED STATES PATENT NO. 8,788,090

8.	Carrier incorporates herein its responses to paragraphs 1 through 7 of the Complaint herein by reference.

9. Carrier admits that the Complaint alleges infringement under the patent laws of the U.S., but denies that any of its products infringe any valid claim of the asserted patent.

10. Carrier is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11. Carrier admits that what appears to be a copy of a U.S. Patent numbered as 8,788,090 and titled "System and Method for Creating a Personalized Consumer Product" was attached to the Complaint as Exhibit A.

12. Denied.

13. Denied.

14. Carrier admits that it does and/or has sold and/or offered to sell at least one of the CôR™ Thermostat, the Infinity® Remote Access Touch Control Systems, and the Carrier Comfort™ Series Wi-Fi® thermostat devices.  Because the claims of the '090 patent have not yet been construed in this case, Carrier lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and therefore denies the same.

15. To the extent that this Paragraph of the Complaint requires a response, Carrier denies that it has infringed any valid claim of the asserted patent, denies that Plaintiff is entitled to any injunctive relief, and otherwise denies the allegations of Paragraph 15.

16. Denied.

17. Carrier is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint and, on that basis, denies all such allegations.

## PRAYER FOR [ALLEGED] RELIEF

18. Carrier denies that it has infringed any valid claim of the asserted patent, denies that Plaintiff is entitled to any relief from Carrier, and denies all of the allegations contained in Plaintiff's Prayer for Relief.

19. To the extent that any allegations of the Complaint have not been previously specifically admitted or denied, Carrier denies them.

## AFFIRMATIVE DEFENSES

Carrier' Affirmative Defenses are listed below. Carrier reserves the right to amend its Answer to add additional Affirmative Defenses, including allegations of inequitable conduct, consistent with the facts discovered in the case.

## FIRST DEFENSE

20. Carrier does not and has not infringed, either literally or under the doctrine of equivalents, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable, asserted claim of the '090 patent.

## SECOND DEFENSE

21. Each asserted claim of the '090 patent is invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## THIRD DEFENSE

22. Plaintiff is estopped, based on statements, representations, and admissions made during prosecution of the patent applications resulting in the asserted patents, from asserting any interpretation of any valid, enforceable claims of the asserted patents that would be broad enough

to cover any accused product alleged to infringe the asserted patents, either literally or by application of the doctrine of equivalents.

### FOURTH DEFENSE

23. To the extent that Plaintiff and alleged predecessors in interest to the '090 patent failed to properly mark any of their relevant products as required by 35 U.S.C. § 287, or otherwise give proper notice that Carrier's actions allegedly infringed the '090 patent, Carrier is not liable to Plaintiff for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the '090 patent.

### FIFTH DEFENSE

24. To the extent that Plaintiff asserts that Carrier indirectly infringes, either by contributory infringement or inducement of infringement, Carrier is not liable to Plaintiff for the acts alleged to have been performed before Carrier knew that its actions would cause indirect infringement.

### FIFTH DEFENSE

25. Plaintiff's attempted enforcement of the '090 patent against Carrier is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

### SIXTH DEFENSE

26. Plaintiff's claims for damages are statutorily limited or barred by 35 U.S.C. §§ 286 and/or 287. Plaintiff is further barred under 35 U.S.C. § 288 from recovering costs associated with its action.

**SEVENTH DEFENSE**

27. Plaintiff's Complaint fails to state a claim upon which relief can be granted, because, *inter alia*, the '090 patent does not claim patentable subject matter under 35 U.S.C. § 101.

**EIGHTH DEFENSE**

28. The claims of the '090 patent are not entitled to a scope sufficient to encompass any product of, system employed by, or process practiced by Carrier.

**NINTH DEFENSE**

29. Should Carrier be found to infringe any valid, enforceable claim of the '090 patent, such infringement was not willful.

**TENTH DEFENSE**

30. To the extent that Plaintiff asserts that Carrier infringes under a theory of divided infringement, Carrier is not liable to Plaintiff. Carrier does not perform each step of any method claim of the '090 patent, and Carrier does not have, nor has it had, an agency relationship with a third party responsible for performing any step of any method claim of the '090 patent, or a contract with a third party requiring such third party to perform any step of any method claim of the '090 patent. Nor has Carrier induced, knowingly, or otherwise, any third party to perform any step of any method claim of the '090 patent. Carrier also does not use every element of any system claim of the '090 patent. Carrier also does not make, sell, offer for sale, import, or use every element of any apparatus claim of the '090 patent.

**ELEVENTH DEFENSE**

31. Plaintiff has failed to state an essential element for an indirect infringement claim, as it has failed to allege that Carrier had a specific intent to induce direct infringement of the '090 patent prior to Plaintiff's allegations of indirect infringement by Carrier.

**TWELFTH DEFENSE**

32. Plaintiff has failed to state an essential element for an indirect infringement claim, as it has failed to allege with specificity a direct infringer for any claim of alleged indirect infringement of the '090 patent by Carrier.

**THIRTEENTH DEFENSE**

33. Plaintiff is precluded from recovering its reasonable attorney's fees, costs, and or increased damages under 35 U.S.C. §§ 284 or 285.

**FOURTEENTH DEFENSE**

34. Plaintiff is not entitled to injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law for the alleged infringement.

**COUNTERCLAIMS**

**PARTIES**

1. Counterclaim Plaintiff Carrier Corporation ("Carrier") is a Delaware corporation with an address at One Carrier Place, Farmington, CT 06034-4015.

2. Upon information and belief based solely on Paragraph 3 of the Complaint as pled by Plaintiff, Counterclaim Defendant Rothschild Connected Devices Innovations, LLC ("Rothschild") is a Texas limited liability company with its principal office located at 1400 Preston Road, Suite 400, Plano, Texas 75093.

## JURISDICTION

3. These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201-02.

4. Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

## COUNT I
## DECLARATION REGARDING NON-INFRINGEMENT

5. Based on Rothschild's filing of this action and Carrier's First Defense, an actual controversy has arisen and now exists between the parties as to whether Carrier infringes the '090 patent.

6. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, Carrier requests a declaration by the Court that it does not infringe any claim of the '090 patent under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II
## DECLARATION REGARDING INVALIDITY

7. Based on Rothschild's filing of this action and Carrier's Second Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the '090 patent.

8. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 *et seq.*, and 35 U.S.C. § 100 *et seq.*, Carrier requests a declaration by the Court that the claims of the '090 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

## PRAYER FOR RELIEF

WHEREFORE, Carrier asks this Court to enter judgment in Carrier's favor and against Rothschild by granting the following relief:

a) a declaration that the asserted claims of the '090 patent are invalid;

b) a declaration that Carrier does not infringe, under any theory, any valid claim of the '090 patent that may be enforceable;

c) a declaration that Rothschild take nothing by its Complaint;

d) judgment against Rothschild and in favor of Carrier;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Carrier of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

## JURY DEMAND

Carrier hereby demands trial by jury on all issues.

Dated:  December 31, 2015        Respectfully submitted,

> By:  */s/ Bret T. Winterle*
> Neil J. McNabnay
> Texas Bar No. 24002583
> njm@fr.com
> Bret Winterle
> Texas Bar No. 24084249
> winterle@fr.com
>
> **FISH & RICHARDSON P.C.**
> 1717 Main Street, Suite 5000
> Dallas, Texas  75201
> (214) 747-5070 (Telephone)
> (214) 747-2091 (Facsimile)
>
> **COUNSEL FOR DEFENDANT
> CARRIER CORPORATION.**

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on December 31, 2015, to all counsel of record via e-mail.

> */s/ Bret T. Winterle*
> Bret Winterle